[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Dan Beard, Inc., filed a five count "Appeal" from decisions of the Town Plan and Zoning Commission of the Town of Orange ("Commission") denying the plaintiff's Temporary Special Use Application for Earth Materials Removal and Filling, Coastal Area Management Site Plan Application and Application for Soil Erosion and Sediment Control Plan. The first four counts of the plaintiff's "Appeal" contain allegations that the Commission acted illegally, arbitrarily, capriciously or in abuse of its discretion in denying the plaintiff's various applications (First and Second Counts), that several Commission members improperly failed to recuse or disqualify themselves from considering the plaintiff's second Application for Earth Materials Removal and Filling (Third Count), and that the Commission's actions constituted a taking of property for public use without just compensation (Fourth Count). In the fifth count of the plaintiff's "Appeal", the plaintiff claims that the defendant Town of Orange, through the Commission, by the actions alleged by the plaintiff in the first four counts of its "Appeal", deprived the plaintiff of rights secured by the United States Constitution in violation of 42 U.S.C. § 1983. In paragraphs five and six of its prayer for relief, the plaintiff seeks damages pursuant to 42 U.S.C. § 1983 and costs and attorney's fees pursuant to 42 U.S.C. § 1988.
On March 5, 1992, the Commission filed a motion to strike the fifth count of the plaintiff's "Appeal" and paragraphs five and six of its prayer for relief, accompanied by a memorandum of law, on the ground that the cause of action seeking money damages for an alleges violation of 42 U.S.C. § 1983 is not properly included in an CT Page 6735 administrative appeal. On March 24, 1992, the plaintiff filed a memorandum of law in opposition to the Commission's motion to strike.
A motion to strike is the proper vehicle for contesting "the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts." Practice Book 152(4). An administrative appeal "shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes." General Statutes 8-8 (p); see also Practice Book 256. Although "[a]dministrative appeals are not subject to the pretrial rules", Practice Book 257(e), in certain circumstances a motion to strike in an administrative appeal may be appropriate. See Cardoza v. Zoning Commission, 211 Conn. 78, 82
N.5, 557 A.2d 545 (1989) (motion to strike is appropriate motion to attack plaintiff's failure to allege the fact and date of publication in complaint). It is submitted that a claim that an administrative appeal has been misjoined with another cause of action is also a proper situation in which to utilize a pretrial motion to strike.
It should be noted that the plaintiff's complaint is entitled "Appeal" and follows both the timetable for service and filing as well as the format of an appeal brought pursuant to General Statutes 8-8. (See Writ, Citation, Appeal and Recognizance). See General Statutes 8-8 (b), (e), (h); Practice Book From 204.8.
In a zoning appeal taken pursuant to General Statutes 8-8, the trial court reviews the record before the board or commission to determine whether it has acted fairly or with proper motives or upon valid reasons. Spero v. Zoning Board of Appeals, 217 Conn. 435,586 A.2d 590 (1991). An appeal to the court from the decision of a board or commission does not require or permit the court, by trial de novo, to substitute its findings and conclusions for the decision of the board or commission. Wil-Nor Corporation v. Zoning Board of Appeals, 146 Conn. 27, 30, 147 A.2d 197 (1958).
The court, after a hearing, "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes 8-8 (1); see Totino v. Zoning Board of Appeals, supra. Administrative relief cannot encompass a monetary award. Cummings v. Tripp, 204 Conn. 67, 80, 527 A.2d 230 (1987); see Costanzo v. Hamden, 18 Conn. App. 254, 260, 557 A.2d 1279 (1989). It is clear that the plaintiff's 1983 claim is outside both the scope of review and the relief which can be provided by the court in a zoning appeal. CT Page 6736
Appeals from decisions of zoning boards and commissions are also different from ordinary civil actions in that they "shall be privileged cases and shall be heard as soon as is practicable unless cause is shown to the contrary." General Statutes 8-8 (m); see Practice Book 257(f). Administrative appeals are placed on a separate trial list. Practice Book 254. Zoning appeals, because they are confined to the record, follow the course of pleading provided in Practice Book 257(a), not that of appeals enumerated in Practice Book 257(d), which "shall, subsequent to the filing of the appeal, follow the same course of pleading as that filed in ordinary civil actions." See Practice Book 257(a), (d).
Because the plaintiff has filed this action as an appeal pursuant to General Statutes 8-8, this action is a privileged case subject to the court of pleading delineated in Practice Book 257(a), not that in Practice Book 257(d), because a zoning appeal is not one of the appeals listed in Practice Book 257(d)(1)-(4), nor is it an appeal in which the parties are "entitled to a trial de novo" pursuant to Practice Book 257(d)(5). See General Statutes 8-8 (i), (k), (1); Wil-Nor Corporation v. Zoning Board of Appeals, supra. It is noted that Practice Book 257(d)(5) in no way provides any authority for plaintiff's apparent contention that, because the plaintiff has chosen to add a 1983 claim to its zoning appeal, its appeal somehow becomes an appeal in which the plaintiff is "entitled" to a trial de novo on that claim.
Practice Book 133 provides as follows:
 In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either (1) upon contract, express or implied, or (2) for injuries, with or without force, to person and property, or either, including a conversion of property to the defendant's use, or (3) for injuries to character, or (4) upon claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same, or (5) upon claims to recover personal property specifically, with or without damages for the withholding thereof, or (6) claims arising by virtue of a contract or by operation of law in favor of or against a party in some representative or fiduciary capacity, or (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. The several causes of action so united shall all belong to one of these classes, and, except in an action for the foreclosure of a mortgage or CT Page 6737 lien, shall affect all the parties to the action, and not require different places of trial, and shall be separately stated; and, in any case in which several causes of action are joined in the same complaint, or as matter of counterclaim or setoff in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action or may direct that any one or more of them be deleted from the complaint or answer. (See Gen. Stat., 52-97 and annotations.)
The plaintiff argues that the court should consider the expansive definition of the term "transaction" used in Practice Book 133(7). However, it is noted that no matter how expansively "transaction" is defined, Practice Book 133(7) provides that if several causes of action are united in the same complaint, "they shall all be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction. . . ." (Emphasis added). It is clear that while the plaintiff's 1983 claim may fall within this class and may, as the plaintiff asserts, arise out of the same transaction as its appeal, the plaintiff's zoning appeal cannot be characterized as a claim in contract or tort which would fall into this class of claims which may be joined in the same complaint. It is noted that zoning appeals are not included in any of the classes listed in Practice Book 133 to which "[t]he several causes of action so united shall belong."
It is clear that an adjudication of the plaintiff's 1983 claim and an award of the monetary relief requested pursuant to that claim are outside both the court's scope of review and its authority to grant relief in an appeal from decisions of a planning and zoning commission brought pursuant to General Statutes 8-8. It is therefore found that the fifth count of the plaintiff's "Appeal" is misjoined with the four counts pertaining to the plaintiff's appeal from the Commission's decisions. Accordingly, it is found that the Commission's motion to strike the fifth count and paragraph five and six of the plaintiff's prayer for relief, in which the plaintiff seeks monetary relief, should be granted and is granted.
WILLIAM J. McGRATH, JUDGE