[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO REVISE NO. 110
This matter is before the court on the plaintiff's objection to the defendants motion to revise, on the grounds that a defendant has no right to request a revision of a plaintiff's complaint in the context of an administrative appeal be sustained.
The plaintiff, Christian J. Trefz, filed a "Citation" and "Appeal" from the defendant Zoning Board of Appeals of the Town of Fairfield's July 21, 1997 decision to deny the plaintiff's CT Page 2408 applications for a Conservation Permit and a variance.[1]
The plaintiff objects to the request to revise filed by the individual defendants, arguing that the defendants have no right to file such a motion in the context of an administrative appeal. The plaintiff argues that Practice Book § 257(a), which governs appeals taken from the decisions of zoning boards to the superior court, does not allow for the filing of requests to revise.[2] The plaintiff also argues that Practice Book § 257(d) does not include zoning appeals.[3]
The defendants argue that at least one superior court has allowed a motion to strike to be filed in the context of a zoning appeal. The defendants also argue that appeals from zoning boards are included as civil actions by Practice Book § 256.[4] The defendants further argue that the practice is recognized in volume nine of the Practice Book.
General Statutes § 8-8 (p) provides: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."
In Buttner v. Planning and Zoning Commission of Westport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304231 (April 27, 1994, Levin, J.), the court considered the Plaintiff's request to amend her complaint, which was objected to by the defendants. In denying the plaintiff's request on the merits, the court noted that the appeal should be treated as a civil action. As the Buttner court noted, General Statutes § 8-8(p) was part of a revision produced by 1989 Public Acts No. 89-356. Therefore, the cases relied upon by the plaintiff, Planning and Zoning Commission v. Zoning Board ofAppeals, Superior Court, judicial district of New London, Docket No. 502430 (May 26, 1987, Schimelman, J.) and Fazzino v.Cromwell Planning and Zoning Commission, Superior Court, judicial district of Middlesex, Docket No. 047415 (May 15, 1987) (Higgins, J.), are inapposite, since Public Act 89-356 has since changed the law. CT Page 2409
Further, the third case cited by the plaintiff, Dan Beard,Inc. v. Orange Town Plan and Zoning Commission, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 038750 (July 16, 1992) (McGrath, J.) (7 CONN. L. RPTR. 749,7 CSCR 1062, 1063) (motion to strike 42 U.S.C. § 1983 claim and claim for monetary relief from administrative appeal granted), is distinguishable on its facts from the present case. There, the court held that "[a]lthough [a]dministrative appeals are not subject to the pretrial rules, Practice Book 257(e), in certain circumstances a motion to strike in an administrative appeal may be appropriate. See Cardoza v. Zoning Commission, 211 Conn. 78, 82
n. 5, 557 A.2d 545 (1989) (motion to strike is appropriate motion to attack plaintiff's failure to allege the fact and date of publication in complaint). A claim that an administrative appeal has been misjoined with another cause of action is also a proper situation in which to utilize a pretrial motion to strike. (Internal quotation marks omitted.) Id. Thus, the superior courts have recognized that pretrial motions have a place in the administrative appeal context. See also Johnstonv. Board of Tax Review, 40 Conn. App. 946, 672 A.2d 979 (1996) (affirming trial court's granting of the defendant's motion for nonsuit for plaintiff's failure to respond to request to revise); Fairfield Resources Management v. Town of Brookfield,
Superior Court, judicial district of Danbury, Docket No. 320240 (May 29, 1996) (Mihalakos, J.) (where defendants filed request to revise plaintiffs' appeal from board and plaintiffs objected, no ruling that request to revise was improper).
Finally, requests to revise are recognized as proper pleading in the context of administrative appeals under the Practice Book. A request to revise under Practice Book § 147 is appropriate to require appellant to spell out grounds for appeal, since General Statutes § 8-8 (g) requires an administrative appeal to state the reasons for bringing it. R. Fuller, 9 Connecticut Practice Book Series: Land Use Law and Practice (1993) § 27.5, p. 494.
Upon all of the above the plaintiff's objection to the defendants' request to revise is overruled.
The Court,
MAIOCCO, JUDGE CT Page 2410