JOSEPH J. CARDOZA, JR., ET AL. *v.* ZONING COMMISSION OF THE CITY OF BRIDGEPORT ET AL.
(13500)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued February 7—decision released May 2, 1989

*J. Roger Shull,* for the appellants (plaintiffs).

*Gregory M. Conte,* with whom, on the brief, was *Barbara Brazzel-Massaro,* for the appellees (defendants).

HULL, J. The dispositive issue in this zoning appeal is whether the plaintiffs' failure to allege newspaper publication of the notice of the zoning decision from which they appealed deprived the trial court of subject matter jurisdiction.[1] We conclude that the trial court erred in finding that the omission of such an allegation was a jurisdictional defect requiring the dismissal of the plaintiffs' appeal.

The background of this case is not in dispute. On December 9, 1987, the plaintiffs, Joseph J. Cardoza, Jr., and Lina Cardoza, filed an appeal from the granting of a zone change by the defendant zoning commission of the city of Bridgeport on November 30, 1987. The plaintiffs claimed aggrievement on the basis of their ownership of property within 100 feet of the boundary line of the subject property. Although notice of the zoning commission's decision was published in the Bridgeport Post on December 4, 1987, the plaintiffs did not allege this fact in their complaint. The defendant Gus Associates, a contract purchaser from the owner defendants, Ramon Feliciano and Iraida Feliciano, moved to dismiss the plaintiffs' appeal on the ground, among others, of lack of subject matter jurisdiction. The defendant Gus Associates relied on the pro-

---

[1] The plaintiffs also cited a second issue concerning two claimed procedural irregularities in the defendant Gus Associates' motion to dismiss. In view of our disposition of the main issue in the case we do not reach these claimed procedural defects.

vision in General Statutes § 8-8 (a) that a person aggrieved by a decision of a zoning board "may, within fifteen days from the date when notice of such decision was published in a newspaper . . . take an appeal to the superior court . . . . " Gus Associates argued that publication of the notice of a decision is a condition precedent to the filing of an appeal, and that the plaintiffs' failure to allege the fact and date of publication is violative of the strict requirements of § 8-8 (a), thus justifying a dismissal.

The court, in its memorandum of decision on the motion to dismiss, acted on the first ground raised, that the appeal was brought prematurely under the notice of publication provisions of § 8-8 (a). The court stated: "The plaintiffs' complaint fails to allege any publication of the Commission's action. Publication is one step required by Sec. 8-3 (d), C.G.S. to make the change of zone effective. *Hyatt* v. *Zoning Boards of Appeals,* 163 Conn. 379, [386–88, 311 A.2d 77 (1972)]. If the decision of the Commission is not effective until published, *Akin* v. *Norwalk,* 163 Conn. 68, [301 A.2d 258 (1972),] in a timely fashion as provided by the statute, then no one is aggrieved until the statute is complied with as to publication. The court concludes that the time to appeal commences with publication. Since the plaintiffs fail to allege publication of the November 30, 1987 zone change action, they have not alleged a basis for aggrievement which would be founded on timely publication." The court then granted the defendant Gus Associates' motion to dismiss,[2] which was the basis for the subsequent rendering of a judgment in favor of all

[2] After judgment the plaintiffs filed a motion for articulation inquiring whether the court dismissed the appeal because it was commenced prior to newspaper publication of the decision appealed from or because the plaintiffs failed to plead newspaper publication. A copy of the publication of notice referred to above was attached to the motion. The court denied further articulation.

of the defendants.[3] The plaintiffs' appeal to the Appellate Court[4] has been transferred to this court pursuant to Practice Book § 4023.

The authority cited by the court and the defendants is not in dispute. Failure to publish a notice of decision within the applicable time constraints renders the decision of a zoning commission void. See *Hyatt* v. *Zoning Board of Appeals,* supra, 386–87 (appeals from decisions of zoning boards of appeal under General Statutes §§ 8-7 and 8-8); *Akin* v. *Norwalk,* supra, 73–74 (the time limitation imposed by General Statutes § 8-28 for the publication of decisions of a planning commission). The fifteen day appeal period commences on the date of publication. General Statutes § 8-8 (a); *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195

---

[3] Although neither the memorandum of decision nor the judgment stated that the appeal was dismissed for lack of subject matter jurisdiction, the court acted upon a motion based on such a claim and the parties agree that this was the basis of the dismissal of the appeal.

[4] On October 11, 1988, more than two months after this appeal was filed, the defendant Gus Associates moved to dismiss the appeal for lack of subject matter jurisdiction. Gus Associates claimed that under General Statutes § 8-8 (d), appeals from rulings of the trial court on motions to dismiss must be taken within seven days of the entry of the trial court's order. Since the plaintiffs failed to file their appeal within seven days of the trial court's order, Gus Associates argued that the plaintiffs' appeal was jurisdictionally defective. We denied the motion to dismiss without prejudice to renewal at the time of full hearing.

We need not decide under the facts of this case whether the plaintiffs' appeal was timely filed under § 8-8. In *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980), we held that "[t]he fact that the appeal statute specifies a time period in which to take an appeal does not mean that an appeal taken beyond the specified time is void. The untimely filing of an appeal is merely an irregularity and not a jurisdictional defect." Since the failure to comply with a statutory time limit for filing an appeal constitutes an irregularity in the filing of an appeal rather than a jurisdictional defect, Gus Associates' motion to dismiss should have been filed within ten days of the filing of the appeal. Practice Book § 4056; *LaReau* v. *Reincke,* 158 Conn. 486, 495, 264 A.2d 576 (1969). Having failed to file its motion to dismiss within ten days after the appeal was filed, Gus Associates is deemed to have waived any claim that the appeal is defective as untimely filed. Its motion to dismiss, therefore, is denied.

Conn. 276, 280–81, 487 A.2d 559 (1985). " 'A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' " *Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,* supra, 283, quoting *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982). If the appeal period has expired when an appeal is filed the trial court lacks jurisdiction over the appeal. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 593, 409 A.2d 1029 (1979) (failure to prosecute an appeal within the time period prescribed by General Statutes § 8-28).

The cases cited, however, have no bearing on the narrow issue before this court. We note the unusual posture of the motion to dismiss in this case.[5] The defendants do not seek a decision that the change of zone was ineffective because of improper notice of publication of the notice of the decision. They are the beneficiaries of the zone change. Nor do they claim a lack of publication of the notice of the decision. Rather, relying on the long-standing rule requiring strict compliance with the procedural requirements of an administrative appeal, they seek to elevate a claimed defect in the complaint—a technical defect at best— into a jurisdictional bar to the appeal. The defendants, however, cite no authority for the claim that failure to allege the fact and date of publication is a jurisdictional defect.

We turn first to our Practice Book. Form 204.8 is entitled "Appeal from Zoning Board of Appeals." It provides in pertinent part:

---

[5] In the light of our disposition of this case, a motion to strike (Practice Book § 151) is the appropriate motion to attack the plaintiffs' failure to allege the fact and date of publication in their complaint. If granted, a substitute pleading may be filed pursuant to Practice Book § 157.

"1. *(Name and residence of applicant)* applied to the zoning board of appeals of the town of                for *(state nature of application and relief sought)*

"2. The board granted *(or* denied) the application and notice of such decision was duly published in a newspaper.

"3. The plaintiff is aggrieved by the decision of the board *(or* owns land within 100 feet of the land involved in the decision)."

Paragraph two of the form alleges that notice of the decision was "duly" published, but the absence of the date of publication may be considered to be substantially the same defect as that alleged in this case. The plaintiffs also point out three other sections of the General Statutes containing requirements that must be met before certain actions become "effective": (1) General Statutes § 8-3 (d) (filing of a copy of zone change in the office of the town clerk); (2) General Statutes § 8-3 (a) (notice of a public hearing on the establishment or change of a zoning regulation or boundary); and (3) General Statutes § 8-7 (granting of an exception or variance by zoning board of appeals effective upon the filing a copy thereof in the office of the town clerk).

In *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 698–99, 202 A.2d 139 (1964), we emphasized the importance of a factual basis for a jurisdictional attack on a zoning appeal: "The defendants have attempted to raise in this court the question of the jurisdiction of the Court of Common Pleas to entertain the plaintiffs' appeal, asserting that, since it appears in the record that the decision of the board of appeals was made on July 25, 1961, and the plaintiffs' appeal is dated August 10, 1961, the appeal was not timely. It is true that whenever the absence of jurisdiction is brought to the notice of the court, cognizance of the fact must be taken and the matter determined. *Bardes* v. *Zon-*

*ing Board,* 141 Conn. 317, 318, 106 A.2d 160 [1954]. In this instance, however, the record is barren of facts essential to support the defendants' claim. The time within which the plaintiffs could appeal from the action of the board of appeals was governed by § 8-7 of the General Statutes. *Leonard* v. *Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466 [1964]; *Aurora* v. *Zoning Board of Appeals,* 151 Conn. 378, 380, 198 A.2d 60 [1964]. The record does not disclose whether the decision was filed in the office of the clerk in Stamford or notice of the filing was published in a newspaper having a substantial circulation in Stamford. In the absence of these facts in the record, there is no basis upon which this court can determine the validity of the defendants' jurisdictional attack."

In *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 514 A.2d 749 (1986), the defendant commission claimed that the Superior Court lacked jurisdiction over the appeal from the commission's decision. The commission argued that the plaintiff improperly commenced its appeal by using Practice Book Form 103.1 (JD-CV-1), a writ of summons, which was prohibited by Practice Book § 49. Id., 354–55. We noted the necessity for strict compliance with the statutory provisions authorizing appeals from administrative agencies, but determined that "[t]he use of an improper form to commence an appeal . . . presents a different situation." Id., 356. We held that "[a]s long as it contains a proper citation, signed by a competent authority, its use does not call into question the jurisdiction of the Superior Court to entertain the appeal. See General Statutes § 4-183 (b). Practice Book Form 204.7 merely establishes a method of service upon the administrative agency in a manner different from other civil actions, to wit, by registered or certified mail. See Public Acts 1979, No. 79-163. If the form . . . clearly apprises all concerned that a law-

suit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. Cf. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* [148 Conn. 336, 338–40, 170 A.2d 732 (1961)]. Absent an affirmative showing of prejudice by the defendant; see General Statutes § 52-123; *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra, 340; *United States Envelope Co.* v. *Vernon,* 72 Conn. 329, 44 A. 478 (1899); we conclude that the mistaken use of Form 103.1 (JD-CV-1) does not warrant the dismissal of an administrative appeal." *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, 356–57.

Similarly, we conclude in this case that the failure to allege the fact and date of publication in the plaintiffs' complaint is not a jurisdictional defect requiring dismissal of the appeal.

There is error, the judgment of dismissal is set aside and the case is remanded to the Superior Court for further proceedings.

In this opinion the other justices concurred.