[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ARTICULATION
By way of articulation of its ruling of July 26, 1993, the court offers the following:
On July 26, 1993, the trial court heard oral arguments from counsel of record with respect to a motion for rehearing dated November 6, 1992. The matter was heard at the Superior Court, Judicial District of Stamford-Norwalk at Norwalk (GA-20).
The court, on October 2, 1992, dismissed the plaintiff's appeal in open court at the Superior Court, Judicial District of Danbury. Subsequently, on October 23, 1992, the plaintiff, Nancy Burton, claims to have acquired title to real estate which purportedly adjoins the property that is the subject of this appeal. The plaintiff claims that ownership of said property provides the plaintiff with an additional potential ground of statutory standing. The plaintiff further claims that there is a "high probability that if a hearing were held, the decision in this appeal would favor the plaintiff."
The plaintiff is in effect now claiming standing for the first time as an "aggrieved person," pursuant to section8-8(1) of the Connecticut General Statutes. This claim is asserted notwithstanding the fact that it is well over CT Page 8532 sixteen months after the time for any appeal by "aggrieved persons" has expired. An appeal is barred if it is not brought within the fifteen day time limit. Cardoza v. Zoning Commission, 211 Conn. 78 (1989). The judgment of dismissal of the appeal entered on October 2, 1992 must stand, and this court cannot allow the plaintiff a rehearing so as to circumvent the fifteen day appeal period required by section8-8(b) of the Connecticut General Statutes. Aggrievement via ownership of a property interest must exist at the time of the application to the Commission.
As our Appellate Court stated in Planning Zoning Commission v. Gaal, 9 Conn. App. 538, 545 (1987), "[i]t is true that the defendants' predecessor in title may have had standing to challenge the zoning regulations in question. That does not, without more, confer the same standing on these defendants."
Accordingly, the court's ruling of July 26, 1993, denying the plaintiff's motion for rehearing, must stand.
Rodriguez, J.