[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from the denial of a regulated activities permit by the defendant Commission, the inland wetlands agency of the Town of Trumbull. The appeal is taken pursuant to 22a-43 of the General Statutes, which requires appeals to be taken within the time limit in 8-8(b) of the General Statutes. Section 8-8(b) requires the appeal to be commenced within 15 days of publication of the agency's decision. The decision of the defendant was published in the Connecticut Post on November 22, 1993. This appeal was commenced on December 21, 1993, when the appeal was served on the defendant. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33. The plaintiff concedes that the appeal was not served within 15 days of publication of the decision. Failure to take the appeal within the 15 day statutory time limit goes to subject matter jurisdiction. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 281, 283; Cardoza v. Zoning Commission, 211 Conn. 78, 82.
The plaintiff attempts to overcome this clear jurisdictional CT Page 3965 problem by arguing that the Commission's action, denial of the regulated activities permit application, was effective on December 7, 1993, which excuses a late appeal. Reliance is placed upon the letter from the defendant to the plaintiff-applicant notifying him of the denial. It states in part that "said action has been fixed to become effective on December 7, 1993." The plaintiff claims he was misled by this date, and that it justifies a late appeal, but cites no legal authority for that novel proposition. While December 7th will always be remembered in another context for a sneak attack, there is no basis for such a claim here. Section8-8(b) has a clear legal requirement for service of the appeal within 15 days after the publication date, not 15 days after the effective date of the agency's action. Moreover, it is customary procedure to have the effective date of an agency's decision on some date other than the one on which the decision happens to be published.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE