[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard H. Neubig, commenced this appeal against the North Haven Inland Wetlands Commission and the Town of CT Page 5084 North Haven on February 25, 1994. The defendants have moved to dismiss the appeal because (1) it was not timely commenced, and (2) the Commissioner of Environmental Protection has not been served with a copy of the appeal, as required under C.G.S. § 22a-43(a). The court, thereby, lacks jurisdiction and dismisses the action.
(1) General Statutes § 22a-43(a) provides that any aggrieved person may appeal the decision of an Inland Wetlands Agency to the Superior Court by service of process within 15 days from the date that notice of the decision was published. See also, G.S. § 8-8(b). In this case, notice of the decision was published on February 3, 1994. The appeal was not served, however, until February 25, 1994 — twenty-two days after notice of publication of decision. InCardoza v. Zoning Commission, 211 Conn. 78, 82 (1989), the Supreme Court stated that "[i]f the appeal period has expired when an appeal is filed, the trial court lacks jurisdiction over the appeal." Accordingly, the appeal is untimely and must be dismissed because process was not served within the statutory fifteen day period.
(2) General Statutes § 22a-43(a) requires that the Commissioner of Environmental Protection be served with notice of the appeal. There is no indication from the citation or the Sheriff's Return that the Commissioner has been notified of this appeal. Although not a subject matter defect, the failure to serve notice of an appeal on the Commissioner requires dismissal of the action if the defect is not cured prior to a hearing on Motion to Dismiss. Ridgewood Homes, Inc. v. Enfield Conservation Commission,3 Conn. L. Rptr. 297 (Sup.Ct. Dist. of Hartford, February 25, 1991). Accordingly, since the defect was not cured prior to the hearing on April 27, 1994, this action is dismissed.
BY THE COURT,
Kevin Booth, Judge