[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 I
The defendant, the Town of Madison Zoning Board of Appeals, ("the ZBA") has moved to dismiss the above-captioned appeal, alleging procedural defects resulting in a lack of jurisdiction in this court. The plaintiff filed an objection to the motion, claiming that any defects in the said appeal are circumstantial and do not warrant dismissal.
A hearing on this motion was held on May 12, 1999.
 II
CT Page 5973
The defendant claims the following defects, warranting dismissal:
 1. use by the plaintiff of an improper form, JD-CV-1, in commencing this administrative appeal;
 2. failure to serve the defendants with a proper citation;
 3. failure of the citing authority to take from the plaintiff the bond or recognizance required by General Statutes, Section 8-8(h);
 4. failure to name the successful applicant in the appeal;
5. defective service;
 6. return date on said improper form JD-CV-1 at variance with the return date of the complaint.
Reviewing these claims in the light of General Statutes, Sections 8-8(p) and 8-8(q), the court concludes that the defects alleged are capable of correction and, taken singly or in combination, do not deprive the court of jurisdiction to entertain this appeal.
 III
As to the claims that the plaintiff used an improper form and failed to serve the defendants with a proper citation, it is undisputed that the plaintiff mistakenly utilized Form JD-CV-1, such use being prohibited by Practice Book, Section 8-1. The use of an improper form is not necessarily fatal to an administrative appeal, Cardoza v. Zoning Commission, 211 Conn. 78, 84. The court finds that the policy of giving notice to the defendant of the nature of the proceedings has been served, and that the defendant ZBA has shown no prejudice by virtue of the defendant's use of an improper form, Id., at 85; Carlson v. Fisher, 18 Conn. App. 488,494. The court finds that service upon "MADISON ZONING BOARD OF APPEALS, SUZANNE ASHMAN TOWN CLERKS OFFICE, TOWN OF MADISON, FOR MADISON ZONING BOARD OF APPEALS," and abode service on Henry C. Maguire, Chairman, gave sufficient notice to the defendant ZBA and any defects stemming from the use of the improper form did CT Page 5974 not warrant dismissal of this appeal.
It is not disputed that the plaintiff failed to post the required bond or recognizance to the board, as required by Section 8-8(h). The court finds this defect is curable and does not warrant dismissal of this appeal.
In an appeal such as this, the successful applicants for variances are necessary parties. To date said applicants have not been cited in and served as party defendants. Failure to name them does not result in a lack of subject matter jurisdiction,Fong v. Planning Zoning Board of Appeals, 212 Conn. 628, 635; but necessary parties must be cited in and served before the court can render a decision on the merits as to the instant appeal.
Lastly, the court finds the defendant's claim of variance in return dates without merit.
Accordingly, the defendant ZBA's Motion to Dismiss is denied. The plaintiff is ordered to take, within fifteen days of the issuance of this decision, steps necessary to comply with the findings of this court, to include the posting of bond or recognizance in compliance with General Statutes, Section 8-8
(h), and the citing in as party defendants all necessary parties not heretofore named.
By the Court,
Downey, J.