[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF APPEAL
The plaintiffs, Anthony and Carol Campanaro, appeal from the decision of the defendant, the town of Trumbull zoning board of appeals. The zoning board approved a variance to allow Pablo and Diane Jimenez to construct an eight foot high fence on their property.
 BACKGROUND
On January 31, 1997, the Jimenezes applied for a variance to allow the construction on their property of a two foot earth berm and a six foot fence on top of the berm. (Return of Record [ROR], Exh. 1). The hardship the Jimenezes listed in support of their application was a drainage problem on the property. (ROR, Exh. 1). Additionally, the Jimenezes gave as a reason for their application the need to screen their property from their neighbor's view. The Jimenezes own a business known as the "Garden Exchange," and there are some peat moss bales that would be screened from view by the proposed fence. (ROR, Exh. 3, P. 1).
At the hearing before the zoning board on April 2, 1997, the Campanaros, who own property that abuts the Garden Exchange, opposed the proposed construction. (ROR, Exh. 3, p. 3). Campanaro argued that the Jimenezes should plant arborvitae in lieu of the proposed fence. (ROR, Exh. 3, p. 4). Arborvitae had existed in the area previously, but had died prior to the variance application. (ROR, Exh. 3, p. 1-2) Jimenez testified that he did not want to plant arborvitae because the maple trees in the location would compete for sun and water, and the arborvitae would soon die as the previously planted arborvitae had done. (ROR, Exh. 3, p. 5). Jimenez testified that the maple trees are large, and the only time the area has any sunlight is in the "dead of summer." (ROR, Exh. 3, p. 5). Jimenez further CT Page 16695 stated that the fence was more costly than planting trees, so that he would plant trees if he did not think that he would have to replace them every few years. (ROR, Exh. 3, p. 4). Campanaro stated that he did not necessarily need to have arborvitae in the area, but he was essentially interested in having some sort of green screening planted there. (ROR, Exh. 3, p. 4).
The zoning board decided to consult an arborist to determine the best method for screening the property. (ROR, Exhs. 3, p. 5-6; 7a). Both Campanaro and Jimenez testified that they would be willing to agree to the decision made by the arborist as to what could be planted in the location. (ROR, Exh. 3, p. 5-6). The decision on the variance application was tabled pending further review and investigation. (ROR, Exhs. 5; 6).
The landscape architect recommended that: (1) the existing trees be moderately pruned to remove lower limbs and unhealthy branches; (2) an eight foot high cedar fence, either solid or with a two foot decorative lattice topper, be constructed one foot from the asphalt that was used as a storage area; and (3) the slope between the proposed fence and the property line be cleared of scrub growth, mulched and planted with clusters of large broadleaf shrubs, such as Rhododendron maximum or Kalmia latifolia. (ROR, Exh. 7a)
The zoning board held a second hearing regarding the variance application on May 7, 1997. (ROR, Exh. 7). At the hearing, the board unanimously voted to modify the application to include the recommendations of the arborist, and to approve the modified application. (ROR, Exh. 7). The board published the decision and notified the Jimenezes of their application's modification and approval. (ROR, Exhs. 8; 9)
The Campanaros now appeal from the board's decision to the Superior Court.
 JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Cardoza v. Zoning Commission, 211 Conn. 78, 82,557 A.2d 545 (1989). CT Page 16696
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to "the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). An owner of the subject property is aggrieved and entitled to bring an appeal. WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,308, 592 A.2d 953 (1991). In addition, General Statutes § 8-8
(a)(1) provides that "`[a]ggrieved person'" includes any person owning land that abuts or is within a radius of one hundred feet "of any portion of the land involved in the decision of the board."
The Campanaros allege that they are the owners of the property that abuts the property that was the subject of the decision of the Zoning Board. At the September 2, 1999 trial in this matter before the court, Anthony Campanaro testified that he owned the property that abuts the parcel subject to the Zoning Board's decision, and a deed was offered into evidence. The Campanaros submitted as evidence of aggrievement a copy of a deed by which The Garden Exchange, Inc. conveyed a parcel of property to Anthony and Carol Campanaro on July 29, 1967. (Plaintiff's Exhibit 1). Accordingly, the court finds that the Campanaros are aggrieved.
Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within "fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) "further provides that service "shall be made by leaving a true and attested copy of the process with, or "at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The Campanaros allege that the zoning board published notice of its decision in the Connecticut Post on May 15, 1997. (Second Amended Revised Appeal, ¶ 2). This allegation is substantiated by a notation made on the copy of the Notice of Decision contained in the record. (ROR, Exh. 8). On May 27, 1997, the appeal was commenced against the town of Trumbull by service of process on the town clerk. (Sheriff's Return). The chairman of CT Page 16697 the zoning board of appeals for the town of Trumbull was served with the appeal on May 28, 1997. (Sheriff's Return). Because both defendants were served within fifteen days of publication of the decision, the court finds that this appeal was commenced in a timely manner.
 SCOPE OF REVIEW
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloomv. Zoning Board of Appeals, 233 Conn. 198, 205, 658 A.2d 559
(1995). The trial court must determine whether the board's "action was "arbitrary, illegal or an abuse of discretion." Id., 205-06.
"Courts are not to substitute their judgment for that of "the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra, 233 Conn. 206. "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id.
 DISCUSSION
The Campanaros appeal the granting of the variance on the grounds that the Jimenezes failed to demonstrate a hardship, and that the board improperly considered evidence outside the record. The zoning board opposes the appeal, arguing that there was sufficient evidence for the board to conclude that there was a hardship, and that its consideration of the recommendations of the landscape architect was not improper.
"Variances are, in a sense, the antithesis of zoning." (Internal quotation marks omitted.) Simko v. Ervin,234 Conn. 498, 505, 661 A.2d 1018 (1995). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Reid v.Zoning Board of Appeals, 235 Conn. 850, 857, 670 A.2d 1271 (1996).
"Our law governing variances is well settled. Section 8-6 (a) (3) provides in relevant part that a zoning board of appeals may CT Page 16698 `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose "and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditionsespecially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptionaldifficulty or unusual hardship. . . ." "(Emphasis in original.)Reid v. Zoning Board of Appeals, supra, 235 Conn. 856-57, quoting General Statutes § 8-6 (a)(3).
General Statutes § 8-6 is interpreted as authorizing "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207.
Article VI, Section 1 of the zoning regulations for the town of Trumbull provides, in pertinent part: "The Zoning Board of Appeals shall continue to be organized and operated as "provided by the General Statutes of the State of Connecticut as amended, and shall, in appropriate cases after public notice and hearing as required by said statutes, have the following powers and duties: . . . "To determine and vary the application of these regulations . . . solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but "not affecting generally the district in which it is situated, a "literal enforcement of these regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done, and the public safety and welfare secured." (ROR, Exh. 11).
I. Whether the record reflects that there was sufficient hardshipto justify the approval of the variance
The plaintiffs argue that there was not a sufficient hardship shown to justify the granting of the variance.[1] Specifically, the plaintiffs argue that the Jimenezes have failed to demonstrate a hardship because the hardship listed on the variance application was not a valid hardship. CT Page 16699
"In order to determine whether the board properly granted the subject variance, we must first consider whether the board gave reasons for its action. . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . Where a zoning board of "appeals does not formally state the reasons for its decisions, however, the trial court must search the record for a basis for the board's decision." (Citations omitted; internal quotation marks omitted.)Bloom v. Zoning Board of Appeals, 233 Conn. 198, 208,658 A.2d 559 (1995). Here, the board did not give an official reason for the granting of the variance. Accordingly, the court must "search the record as a whole to determine whether the evidence supports the board's decision to grant the variance." Id., 209.
On their application, the Jimenezes stated that the hardship that supported the granting of the variance was a drainage problem that caused water to run from the Jimenezes' property to their neighbor's property. (ROR, Exh. 1). At the hearing before the board, Jimenez testified that he had previously fixed the drainage problem. (ROR, Exh. 3, p. 2) Based upon this testimony, the court finds that the alleged drainage problem was not a sufficient hardship to warrant the granting of a variance.
The defendant argues that there was sufficient evidence for the board to conclude that the presence of the maple trees on the property that compete with other plants for the available water and sunlight constituted a hardship that prevented the Jimenezes from planting arborvitae to screen the property. The plaintiffs argue that the board granted an illegal variance because the zoning regulations limit the height of fences to four feet, and the variance included the construction of a fence eight feet high.[2]
"A variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual' characteristic of the property. . . . To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner s control. Stillman v.Zoning Board of Appeals, 25 Conn. App. 631, 636, 596 A.2d 1, CT Page 16700 cert. denied, 220 Conn. 923, 598 A.2d 923 (1991).
In Stillman, the defendant homeowner, Nancy Morgan, sought a variance to allow the construction of an addition to her home.Stillman v. Zoning Board of Appeals, supra, 25 Conn. App. 633. The proposed addition would have extended the east wall, and, would have required a variance from regulations that governed side yard setbacks. Id. The Appellate Court held that Morgan suffered a legally cognizable hardship because the only possible location for the addition was on the east side of the house. Id., 637. The Appellate Court stated: "The placement of . . . [the well and septic system] prevents Morgan from building an addition to her house anywhere except on the east side, which is prohibited by the setback requirement. These unique conditions make the setback regulation exceptionally burdensome and support the board's granting of the variance." Id., 636-37.
Here, unlike Stillman, there is no evidence from which the board could have concluded that the unique conditions of the land made the application of the zoning regulations exceptionally burdensome. In Stillman, because of the location of the well and septic system on the property, the only possible location for the addition was the east side of the house, in violation of the setback requirement. Id., 636-37. Here, there was no evidence presented that would support the conclusion that because of the location of the maple trees, the only possible method for screening the property included the use of an eight foot high fence, in derogation of the zoning regulations.
This court concludes that the variance was improperly granted because the record does not reflect a legally cognizable hardship. See Gronholm v. Westbrook Zoning Board of Appeals, Superior Court, judicial district of Middlesex, Docket No. 67426 (August 3, 1993, Arena, J.) (where no allegations were made of topographical conditions on the property that prevented the "building of an addition in any other location besides the proposed location, there was no legally cognizable hardship); Cf.Pirone v. New Canaan Zoning Board of Appeals, Superior Court, judicial district of Stamford/Norwalk at Stamford; Docket No. 159631 (May 26, 1998, Karazin, J.) (where the fire marshal required the building of a fire escape, and where the board considered alternative options presented but found that there was only one possible location for the fire escape, a variance was properly granted). CT Page 16701
 CONCLUSION
For the foregoing reasons, the appeal is sustained.
BY THE COURT,
TURNER, JUDGE.