[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Grove Corporation, appeals from the decision of the defendant, the Hebron zoning board of appeals (ZBA), denying the plaintiff's application for a variance from the setback requirements in the Hebron zoning regulations § 6.2.1(a). The ZBA acted pursuant to General Statutes § 8-6 (3). The plaintiff appeals pursuant to General Statutes § 8-8.
The record reveals the following facts. The plaintiff filed an application with the ZBA seeking a variance from the setback requirements in § 6.2.1(a) of the Hebron zoning regulations. (Return of Record [ROR], Exhibit B, p. 1.) The plaintiff requested a variance to install an overhead canopy above existing gas pumps. (ROR, Exhibit B, p. 1.) The plaintiff claims that compliance with the front yard setback is not possible because the department of transportation (DOT) created an irregular and shallow lot by taking a thirteen foot strip of land along the south property line to renovate a drainage culvert in 1944. (ROR, Exhibit B, p. 2.) The plaintiff also claims that the lot is subjected to two front yard requirements because it is located on a corner and is bounded to the south and west by roadways. (ROR, Exhibit B, p. 2.) The plaintiff claims that the location decreases the usable space on the lot. (ROR, Exhibit B, p. 2.)
The plaintiff has filed four other applications for a variance to construct an overhead canopy in 1993, 1994, and 1997. (ROR, Exhibit O, p. 1.) The ZBA denied one application for a variance and did not act on another application. The other applications were withdrawn before the ZBA acted on them. The present application is different from prior applications because there is a two-foot difference in the size of the canopy and the plaintiff is seeking a variance from a different section of the zoning regulations. The citizens of Hebron and the historical CT Page 5721 groups in Hebron have submitted letters in opposition to the applications each time the plaintiff has sought a variance. The same individuals and groups have also voiced their opposition at the public hearings.
A public hearing was held for the present application on July 25, 2000. The plaintiff claimed that the DOT created the hardship in 1944 by taking thirteen feet of the property now owned by the plaintiff. (ROR, Exhibit P, p. 1.) The plaintiff stated that the front yard is less than adjacent properties because of the DOT taking. (ROR, Exhibit P, p. 1.) The plaintiff stated that compliance with § 6.2.1 of the zoning regulations is impossible because of the location of the existing pumps and the store. (ROR, Exhibit P, p. 2.) According to the plaintiff, the current application is different from the others because the canopy is two feet narrower and the setback is different. (ROR, Exhibit P, p. 2.)
The ZBA denied the plaintiff's request for a variance at the ZBA meeting on October 3, 2000. (ROR, Exhibit BB.) The ZBA found that the hardship was merely financial and that the plaintiff could still make reasonable use of its property. (ROR, Exhibit DD, p. 3.) Additionally, the ZBA noted that the citizens of Hebron are opposed to the proposal and the zoning regulations were already in place when the plaintiff purchased the property. (ROR, Exhibit DD, p. 3.) The ZBA also stated that it had denied the variance to construct the canopy in the past and that the distance had not changed substantially. (ROR, Exhibit AA.) The decision was published in the River East News Bulletin on October 6, 2000. (Complaint, ¶ 4.) The plaintiff now appeals the decision of the ZBA.
General Statutes § 8-8 governs an appeal from a decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545
(1989).
 I
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). An owner of the subject property is aggrieved and entitled to bring an appeal. See Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 308. 592 A.2d 953 (1991). The plaintiff submitted a deed to proving ownership of the land that is the subject of the ZBA's decision at the hearing on March 26, 2001. (Plaintiff's Exhibit 1.) Accordingly, the court finds that the plaintiff is aggrieved by the decision of the ZBA. CT Page 5722
 II
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991).
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." (Internal quotation marks omitted.) Irwin v. Planning ZoningCommission, 244 Conn. 619, 628, 711 A.2d 675 (1998). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206. "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785, 791,639 A.2d 519 (1994).
The plaintiff contends there exists a hardship that requires the ZBA to grant the variance. The plaintiff claims that its property is unique due to the taking of thirteen feet of the subject property by the DOT in 1944. The plaintiff argues that but for that taking the plaintiff could build a canopy without a variance. The plaintiff also argues that other businesses in the area can build a canopy because those businesses have only one front yard setback, and therefore, the other businesses have more space to utilize than the plaintiff.
The ZBA counters that the unique shape of the plaintiff's property does not necessitate a finding of hardship. The ZBA asserts that the plaintiff must show that the enforcement of the regulations in regards to the plaintiff's property creates an exceptional difficulty or unusual hardship that is different from the application of the regulations to other properties in the same district. The ZBA argues that the plaintiff cannot prove hardship because the plaintiff has conducted a profitable business for many years. The ZBA further argues that the fact that the DOT took a strip of the plaintiff's property over fifty years ago has no bearing on CT Page 5723 the present situation because the plaintiff bought the property after that happened and has conducted its business for many years despite the taking by the DOT.
"It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances." (Internal quotation marks omitted.) Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 215,719 A.2d 465 (1998). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals,235 Conn. 850, 857, 670 A.2d 1271 (1996). "Variances cannot be personal in nature, and may be based only upon property conditions." Id.
General Statutes § 8-6 (3) authorizes a zoning board of appeals "to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207. "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted.) Id., 207-08.
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it." (Brackets in original; internal quotation marks omitted.) Id., 208. In the present case, the ZBA stated its reasons for denying the variance. Accordingly, the court only reviews the record to determine whether the stated reasons are sufficient to support the ZBA's denial of the variance.
The ZBA stated the reasons for the denial of the variance in the minutes of the ZBA meeting. "The hardship does not meet the following hardship criterion: if the owner complied with these regulations he would be unable to make any reasonable use of this property [and the] hardship is not merely financial, pecuniary, or inconvenient." (ROR, Exhibit DD, p. 3.) The ZBA stated that "[t]he hardship is financial." (ROR, Exhibit CT Page 5724 DD, p. 3.) The ZBA also found that "the citizens of Hebron are not in favor of the proposal [and] [t]he zoning regulations were already in place when the property was purchased." (ROR, Exhibit DD, p. 3.) The ZBA also noted that the distance had not changed substantially, the plaintiff is still able to conduct business, and the same issue had already been decided in the past. (ROR, Exhibit AA.)
The record supports the reasons given by the ZBA for denying the variance. The plaintiff failed to prove that the hardship was not merely financial. The plaintiffs offers no reason for the construction of the canopy other than for the convenience of the customers. In fact, one of the representatives for the plaintiff stated at the hearing that "[t]he real reason for [the canopy] is our customers when its raining hard do not go in the store. They get gas and leave." (ROR, Exhibit P, p. 7.) The ZBA asked the plaintiff how this was "not merely a financial hardship, to which the response was "[s]et the money aside, it's just the fact of for the ease . . . for use of our patrons . . . they have better use of the property than they would if we don't have the canopy. In otherwords, if you're in a car and it's pouring rain and it's ah, I'm just not going to get it, it's just the line I was going along." (ROR. Exhibit P, p. 9.) The evidence in the record supports the ZBA's finding that the plaintiff's hardship is merely financial. The plaintiff has failed to prove that the inability to construct a canopy over the existing gas pumps prevents it from making reasonable use of its property.
"Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." (Internal quotation marks omitted.)Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369, 537 A.2d 1030
(1988). "A zoning regulation that prevents land from being used for its greatest economic potential, however, does not create the exceptional kind of financial hardship that we have deemed to have a confiscatory or arbitrary effect." (Internal quotation marks omitted.) Id., 370. In Bloomv. Zoning Board of Appeals, supra, 233 Conn. 210, the Supreme Court found that a denial of a variance was proper because "there was no evidence that if the variance were denied the owners' property would become worthless. On the contrary . . . the building housed a restaurant that was a viable business and a going concern." Similarly, the plaintiff's business is profitable, and, although the canopy may increase its profitability, the lack of the canopy does not render the property worthless. CT Page 5725
The plaintiff argues that the hardship is not merely financial because the DOT took 13 feet of its property in 1944. The plaintiff claims that the taking by the DOT in 1944 created an irregular and shallow lot. The Supreme Court has stated that "an irregularly shaped lot and limitations imposed by the shape of the lot do not in themselves create a hardship."Bloom v. Zoning Board of Appeals, supra, 233 Conn. 210. The plaintiff purchased the property in 1970 and has been operating a successful business on the property for many years. Although the shape of the property may prevent the plaintiff from adding certain structures to the property, it does not prevent the plaintiff from making reasonable use of its property.
Additionally, the plaintiff insists that it is not subject to historic district restrictions because the plaintiff's property is in the general business district. Although the plaintiff is located in the general business district, the plaintiff must show the board that the granting of the variance would not affect the comprehensive zoning plan. "[U]nless great caution is used and variances are granted only in proper cases, the whole fabric of town-and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted." Pleasant View Farms Dev. v. Zoning Board ofAppeals, 218 Conn. 265, 270-71, 588 A.2d 1372 (1991). The historic district is part of the comprehensive zoning plan and based on the record it is apparent that the historic district is important to the town. Accordingly, if the ZBA finds that a variance may adversely affect the comprehensive zoning plan, the ZBA is entitled to deny the variance.
The record shows that the plaintiff has failed to prove a hardship that would justify the granting of a variance. The appeal is dismissed.
Sferrazza, J.