[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Richard Mollica, Frank C. Perrella, Donald Stevens, Valery S. Wittstein, Robert Caouette, Olga Wetmore, Mary Mangini, and Mary C. Santos, appeal from a decision of the defendant Middlebury planning and zoning commission, approving a zone change of three parcels of land from R-40 to senior residential district (SRD). CT Page 9253
On April 28, 1999, the defendant, C.O.R. Associates, owner of three parcels of land totaling 11.2 acres and designated as lots 169, 170 and 172 on Map 4-06, filed an application with the defendant Middlebury planning and zoning commission seeking a zone change of the subject parcels from commercial A-40 (CA-40) to R-40. (Return of Record [ROR], Item 2a(1).) On the same day, C.O.R. Associates also filed an application and preliminary site plan with the planning and zoning commission seeking a zone change of the same parcels from R-40 to SRD. (ROR, Items 2a(2) and 2c.)[1] On May 6, 1999, the planning and zoning commission scheduled a public hearing for both applications. (ROR, Item 4.)
At the public hearings held on June 3, July 8, and August 5, 1999, the planning and zoning commission heard testimony from representatives of C.O.R. Associates and members of the public regarding the proposed zone change from R-40 to SRD. (ROR, Items 6, 10 and 13.)[2] On September 2, 1999, the planning and zoning commission approved both zone change applications and preliminary site plan, and rezoned lots 169, 170 and 172 from CA-40 to R-40, and then from R-40 to SRD. (ROR, Items 15 and 50.) On the same date, the commission denied the final development plan, citing public water availability and drainage problems. (ROR, Items 15 and 50.)
The plaintiffs now appeal the commission's decision to the Superior Court on the grounds that the commission's approval of the zone change from R-40 to SRD is not in compliance with the town's comprehensive plan, that the zone change is inconsistent with the requirements of General Statutes § 8-2, and that the commission illegally received evidence after the close of the public hearing.[3] The plaintiffs seek, as relief, that this court sustain the appeal, reverse the decision of the commission as to the change of zone from R-40 to SRD and restrain the defendants "from taking any action designed or intended to allow or permit the enforcement of the zone change from R-40 to Senior Elderly Residential." (Complaint, Prayer for Relief, ¶¶ a-c.) Additionally, the plaintiffs pray that this court allow for other appropriate relief. (Complaint, Prayer for Relief, ¶ d.)
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989). "Failure to comply strictly with the provisions of § 8-8 (b) renders the appeal subject to dismissal." Spicer v. Zoning Commission,212 Conn. 375, 378, 562 A.2d 21 (1989)
"[P]leading and proof of aggrievement are prerequisites to the trial CT Page 9254 court's jurisdiction over the subject matter of a plaintiff's [administrative] appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996) Statutory aggrievement under General Statutes § 8-8 (a) provides that "a person who owns land that abuts or is within a radius of 100 feet of the land involved in the board's decision is considered automatically aggrieved." Id., 189-90.
The plaintiffs allege that they have been aggrieved by the decision of the planning and zoning commission because "they are owners of real property . . . which abuts the subject property, and the Plaintiffs' use of such abutting real property, and the value of such abutting real property, would be adversely affected by the increased development, traffic and depletion of natural resources permitted by the [commission's] change of the subject property's zone from R-40 to Senior Elderly Residential." (Complaint, ¶ 11.) This court finds that the plaintiffs as abutting landowners are aggrieved.
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that service shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e).
The plaintiffs allege that the commission's "decision to grant [C.O.R. Associates'] request for a zone change from . R-40 to Senior Elderly Residential was published in the Waterbury Republican-American on September 15, 1999." (Complaint, ¶ 9.) This allegation is substantiated by a typed copy of the notice of the decision, as submitted to the Waterbury Republican-American, contained in the record. (ROR, Item 50.)
On October 1, 1999, this appeal was commenced by service of process on William Stowell, the chairman of the Middlebury planning and zoning commission and upon Alicia Ostar, the town clerk of the town of Middlebury. In determining whether service of process was effectuated within the statutorily prescribed time period of fifteen days, it is important to note that "[t]he fifteen day appeal period commences on thedate of publication." (Emphasis added.) Cardoza v. Zoning Commission, supra, 211 Conn. 81. Because the date of publication was September 15, 1999, in order to comply with § 8-8 (b), the plaintiffs were required to commence this action no later than September 29, 1999. The failure of the plaintiffs to effectuate service of process within the statutorily prescribed period deprives this court of subject matter jurisdiction. CT Page 9255 Id., 82. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." (Emphasis added.) Practice Book § 10-33. "([T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." Daley v. Hartford, 215 Conn. 14, 27-28, 574 A.2d 194 (1990)
This court recognizes that in limited situations, General Statutes § 52-593a may save a cause of action where service of process was not effectuated within the fifteen-day time period pursuant to § 8-8
(b). Section 52-593a (a) provides that "[e]xcept in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." Additionally, Section 52-593a (b) provides that "[i]n any such case the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section."[4]
In the return of service, the deputy sheriff (now state marshal) attests that service was effectuated on October 1, 1999, seventeen days following publication. The sheriff has failed to provide an affidavit indicating when he actually received the summons, complaint and recognizance from the plaintiffs. Furthermore, the complaint itself is dated September 30, 1999, one day after the fifteen-day appeal period. Accordingly, because the plaintiffs' appeal was not commenced within the statutory period, this court lacks subject matter jurisdiction and the plaintiffs' appeal must therefore be dismissed.
So ordered.
THOMAS G. WEST, J.