[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 15684 MOTION TO DISMISS (#102)
The plaintiff, Simone Development Company of Orange, LLC., appeals the decision of the defendant, the town of Orange board of assessment appeals, pursuant to General Statutes § 12-117a, on the ground that the board refused to reduce the valuation of property the plaintiff owns.
On June 22, 2001, the plaintiff commenced this appeal by filing a complaint, utilizing Practice Book Form 103.1, JD-CV-1 civil summons, with a return date of July 10, 2001. On June 18, 2001, the sheriff served the defendants, the board and the town of Orange. The defendants filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction to hear the appeal because "the [p]laintiff failed to properly cite the defendant to appear in this matter." The plaintiff filed an amended writ as a matter of right, pursuant to Practice Book §10-59. The defendants filed an objection to the plaintiff's claim of right to amend the writ.
"A motion to dismiss . . . properly attacks the jurisdiction of the court." (Internal quotation marks omitted.) Ferreira v. Pringle,255 Conn. 330, 346, 766 A.2d 400 (2001). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706 (1998).
General Statutes § 12-117a provides the right to appeal from boards of tax review or boards of assessment appeals. "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to CT Page 15685 prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises." General Statutes §12-117a.
In support of their motion to dismiss, the defendants argue that the court lacks subject matter jurisdiction over the plaintiff's appeal because the plaintiff commenced the appeal by improperly filing Form JD-CV-1, which does not include a proper citation, as required by General Statutes § 12-117a. The defendants assert that § 12-117a requires the citation to command the "town or city to appear before said Court,'" and the form used by the plaintiff does not specifically "command" the defendants to appear before the court to answer the plaintiff's claim. (Defendants' Memorandum, p. 6.)
The plaintiff did not file a memorandum in opposition to the motion to dismiss, however, it did file an amendment to the writ as a matter of right. The amendment adopts Practice Book Form 204.4, which includes an application, citation and recognizance, and incorporates by reference paragraphs one through four and the prayer for relief from the original writ. The defendant objects to the plaintiff's amendment, arguing that "[t]he plaintiff's claim can be resolved by the . . . [m]otion to [d]ismiss and cannot be remedied at this time."
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Southern New England Telephone Companyv. Board of Tax Review, 31 Conn. App. 155, 160-61, 623 A.2d 1027 (1993).
"In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day." (Internal quotation marks omitted.) Bittle v.Commissioner of Social Services, 249 Conn. 503, 512 n. 7, 734 A.2d 551
(1999). Practice Book § 8-1 provides that Form JD-CV-1 shall not be used in an administrative appeal. Practice Book §. 8-1 (b)(4). Although the use of Form JD-CV-1 in filing an administrative appeal is improper, it is not necessarily fatal. Cardoza v. Zoning Commission,211 Conn. 78, 84-85, 557 A.2d 545 (1989). Our Supreme Court has held "[a]s long as [the form] contains a proper citation, signed by a competent authority, its use does not call into question the jurisdiction of the Superior Court to entertain the appeal. . . . If the form . . . clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an CT Page 15686 appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. . . . Absent an affirmative showing of prejudice by the defendant . . . we conclude that the mistaken use of [Form JD-CV-1] does not warrant the dismissal of an administrative appeal." (Citations omitted; internal quotation marks omitted.) Id., 84-85.
A review of the original writ of summons, including the sheriffs return, used by the plaintiff to commence this appeal, although not in the correct form, nevertheless generally comports with the notice requirements of General Statutes § 12-117a. Furthermore, the defendants have not claimed that they were prejudiced in any way by the plaintiff's use of the incorrect form. Therefore, the court does not lack subject matter jurisdiction over this appeal and the defendants' motion to dismiss is denied.
The Court
By Moran, J.