[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
The plaintiff, John Gordon (Gordon), filed this appeal against the zoning board of appeals (ZBA), and the planning zoning commission (P 
Z) of the town of Easton, Connecticut. The ZBA dismissed Gordon's appeal on the basis that it lacked jurisdiction because the P Z failed to make a "decision" under General Statutes § 8-6.
 BACKGROUND
CT Page 17191
Gordon filed this appeal October 13, 1998, challenging the decision of the ZBA made in a special meeting September 9, 1998. (Return of Record [ROR], Exhibits 61, 62; Supplemental Return, July 13, 2001 [Supp. ROR]). The ZBA concluded that the failure of the P Z to act on the plaintiff's request for a cease and desist order was not a "decision, order or requirement" as required under General Statutes § 8-6, and therefore, it was without jurisdiction in this matter. (ROR, Exh. 61; Supp. ROR, pp. 36-39).
 JURISDICTION
An appeal taken from a decision of a zoning board of appeals to the superior court is governed by General Statutes § 8-8. As such, it "may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Cardoza v. Zoning Commission,211 Conn. 78, 82, 557 A.2d 545 (1989).
 Aggrievement
"Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). An "aggrieved person" is statutorily defined as "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1).
In the present case, Gordon alleges that he "is aggrieved by the decision of the defendant board by virtue of his ownership of property adjoining that of Snow's Farm in Easton, Connecticut."[1] (Appeal, ¶ 7). The ZBA and P Z argue that Gordon cannot be an "aggrieved person" within the statutory meaning because there is no "decision" within the meaning of the statute concerning Snow's Farm, and therefore, the fact that Gordon's land adjoins it is irrelevant. (Defendants' Brief, p. 4).
At a special meeting held September 9, 1998, the ZBA voted to dismiss Gordon's appeal because it did not address an "order, requirement or decision by P Z, "(Supp. ROR, pp. 36-39), and determined that therefore, it lacked the proper statutory jurisdiction to hear the appeal.
Gordon alleges that his neighbor, Snow's Farm, operates a commercial mulching facility on its property, in violation of local P Z regulations. On May 15, 1998, Gordon, through counsel, sent a letter to CT Page 17192 the P Z requesting that they issue a "cease desist" order against Snow's Farm. (ROR, Exh. 14, pp. 2-3). The letter indicated that if the P Z failed to act on Gordon's request within twenty-one days, he would consider that a denial of the request and appeal the decision. Id. The P Z failed to act on Gordon's request, and he appealed to the ZBA.
The ZBA first discussed Gordon's appeal at a regularly scheduled meeting on August 3, 1998. (ROR, Exhs. 50, 68). ZBA member Mitchell Greenberg stated: "We usually have a flow, it's a very easy flow from zoning board to over here and I am wondering where, I see comments and letters over here, but I don't actually see a . . . discussion with you and the [P Z]." (ROR, Exh. 68, p. 18). ZBA member Raymond Ganim further stated: "It's on the [P Z] agenda here. It looks like, it looks like P Z had it before them several times, but they never really voted on it." Id. After discussion, a motion was made and passed, to table the matter until September 9, 1998. (ROR, Exh. 68, p. 21).
At the September 9, 1998 meeting a member of the public[2] stated: "[A]ll this board has to decide is whether inaction is a denial." (Supp. ROR, p. 2). Another individual stated: "[G]o back through those minutes of the planning and zoning commission. Each and every meeting Mr. Gordon made reference to. You find me one instance where the planning and zoning commission actually entertained a motion that there was or was not a zoning violation present on that property and voted on it an ultimately, as a result of that vote, ended up making a decision which would obviously give Mr. Gordon a right to appeal. . . . A statement by the chairman . . . is not a decision rendered by the planning and zoning commission." (Supp. ROR, p. 18). Ultimately, a ZBA member made a motion that the failure of the P Z to act was not an "order, requirement or decision" that is appealable under § 8-6.[3] (Supp. ROR, pp. 37-39). The motion passed with a vote of four to one. (ROR, Exh. 61).
The plaintiff argues that "[I]n the instant action the [P Z] failed to comply or otherwise respond to the plaintiff's request for the issuance of a cease and desist order. The plaintiff thereafter interpreted the lack of response as a denial. The plaintiff asserts that absent action on his request, he was entitled to infer denial." (Plaintiff's brief, p. 4). No decision was ever made by the P Z regarding Snow's Farm. The plaintiff asserts that inaction by the P Z is equivalent to a denial, and therefore, the ZBA must hear his appeal from this "decision."
Section 8-8, however, provides that an aggrieved person may appeal from a "decision" of a board involving land. In the present case, the ZBA declined to hear Gordon's appeal because it lacked jurisdiction under § 8-6 because the P Z failed to act. A refusal to entertain such an CT Page 17193 appeal does not constitute a decision for purposes of the statute. "If [a] board refuse[s] to act upon and decide [an] appeal, a mandamus action can be brought to compel it to act; before there is a right to appeal to the Superior Court under section 8-8 of the General Statutes the board must make a decision since only a decision is appealable." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 8-6, p. 169.
When an administrative body fails to act, the proper course of action is not an appeal, but to compel action through a writ of mandamus. InPalmieri v. Zoning Board of Appeals, 32 Conn. Sup. 625, 627, 349 A.2d 731
(App.Sess. 1975), the appellate session of the Superior Court held that "[b]efore the plaintiff could avail himself of the right to appeal pursuant to the provisions of § 8-8 . . . it was necessary that the defendant render a decision because only a decision is appealable." The court went on to state "[A] writ of mandamus is the proper action to compel [the administrative body to act]. . . . "Id.
In the present action, Gordon alleges that inaction by the P Z entitles him to an appeal to the ZBA. However, under § 8-8, only adecision by the P Z entitles him to an appeal before the ZBA. Further, the ZBA declined to hear his appeal or decide on it, because it was without proper jurisdiction. Because there is no decision in this case, the court concludes that Gordon is not an aggrieved person under the statute, and therefore, has no right of appeal. It may well be that Gordon's proper course of action is to file a mandamus action against the P Z compelling them to act on his request, rather than filing an appeal with both the ZBA and this court[4]. Since Gordon fails to meet the statutory requirements, his appeal is improper and is dismissed.
Cocco, Judge