[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are (1) the appeal of plaintiff Donald Armatino from a decision of Audrey Rowe, Commissioner of Income Maintenance (Commissioner) which denied his application for Title XIX Medicaid benefits and (2) the plaintiff's motion for permission to present additional evidence to the Department of Income Maintenance (Department) pursuant to General Statutes 4-183(h).
Motion to Present Additional Evidence
The plaintiff has been diagnosed as having "esophageal stricture second to reflux esophagitis." Essentially, this means that the plaintiff has a great deal of trouble swallowing food and keeping food down. On April 30, 1991, the plaintiff applied to the Department for Title XIX Medicaid benefits. Concluding that the plaintiff was not disabled, the Department denied the application on June 28, 1991. The plaintiff filed a request for fair hearing pursuant to General Statutes 17-2a. A fair hearing was held on the plaintiff's appeal on August 8, 1991. In a decision dated September 6, 1991, the Fair Hearing Officer affirmed the denial of benefits to the plaintiff. The plaintiff then initiated the appeal to this court pursuant to General Statutes 4-183. CT Page 2789
The decision of the Fair Hearing Officer was on the basis that the plaintiff's condition was not "severe" and that his condition did not meet the durational requirement in that it was not expected to last twelve continuous months. Specifically, the decision noted that the plaintiff's condition severe in April 1991, but the plaintiff's prognosis was improving and it was expected that his condition could be substantially improved by treatment. According to the Department's eligibility requirements for disability benefits the claimant must be determined to have an impairment which: (1) is medically determinable; (2) is severe in nature; (3) can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; and (4) prevents the performance of previous work or other substantial gainful activity.
Section 4-183(h) provides as follows:
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions by reason of the additional evidence and any modifications, new findings, or decisions with the reviewing court.
The additional evidence offered by the plaintiff consists of the following:
 1. A letter from the plaintiff's treating physician, dated January 13, 1992, to a surgeon, which states that the plaintiff's condition is not responding to medication and inquiring whether surgery is indicated. The letter implies that the patient's condition became worse in October 1991, after the Department's fair hearing.
 2. A statement of the plaintiff, dated January 2, 1992, concerning his worsened condition.
CT Page 2790
 3. An excerpt from a medical treatise concerning the plaintiff's condition.
As indicated above, the Fair Hearing Officer determined that the plaintiff's impairment was not severe and that it was not expected to last for twelve months. She based her decision to deny benefits on those determinations. The evidence which the plaintiff now wishes the Department to consider is clearly material to an assessment of the plaintiff's condition at the present time; that is, in the context of a new application for disability benefits. The plaintiff argues, however, that the evidence also would be material to an assessment of his condition as it was at the time of the original fair hearing in that it shows that his disability actually was more serious and longer lasting than was revealed at the time. The court agrees that the new evidence could potentially have that effect. Certainly, evidence that the disability in fact prevented the plaintiff from working for a period longer than twelve months is material to the determination of that issue. The hearing officer in this case made a determination essentially based on a prediction. When there is new evidence which demonstrates that the prediction was in fact erroneous, the claimant should have the opportunity to submit it for consideration by the fact finder. Likewise, if there is a new medical assessment of the severity of the claimant's condition, he should be allowed to submit it if it is shown to be probative of his condition as it actually was in the past. And, by its nature, this evidence was not available at the time of the original hearing.
For all of the above reasons, the court remands the case to the Department in accordance with section 4-183(h). The Department is ordered to reconvene the fair hearing and take evidence offered by the plaintiff, which is material to an assessment of his disability as it existed in August 1991, and which is limited to the following:
 1. Reports or testimony of Dr. Topazian concerning the plaintiff's condition in January 1992 as indicative of the severity of his condition in August 1991 or its potential duration.
 2. Any medical treatises relied upon by Dr. Topazian or other medical expert, which indicates the severity of the plaintiff's condition in August 1991 or its potential duration.
 3. Testimony of the plaintiff concerning the period of time that his disability CT Page 2791 prevented him from being employed.
Following such evidence, the Fair Hearing Officer shall file a decision with this court.
The court has considered the defendant's argument that the court should abstain from deciding this case under the rule of Gnutti v. Heintz, 206 Conn. 628 (1988). Gnutti holds that Connecticut courts should abstain from considering medicaid disability benefits until a person has exhausted federal administrative and judicial avenues for his simultaneous claim. The plaintiff does have a pending claim for federal social security benefits. This principle of abstention, however, was not extended by the supreme court to include state administrative action. As a result of the court's order to remand this case, the agency has yet to make a final decision. It must do so before the Gnutti rule takes effect.
MALONEY, JUDGE