[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General statutes § 4-184a(b), the plaintiffs, Robert Nagy and Hugh Barber, filed motions for attorney fees and costs incurred in connection with their successful appeal from the final decision of the defendant, employee review board ("board").
To summarize briefly, the pertinent procedural facts are as follows. After a contested administrative hearing, the board found that the plaintiffs' statutory rights were not violated when the state of Connecticut increased the length of their work day, but failed to adjust the plaintiffs' accrued sick and vacation leave. Pursuant to General Statutes §§ 4-183
(j) and 5-202(1), the plaintiffs appealed to this court, which sustained the appeal and remanded the case to the board for further proceedings in accordance with the court's memorandum of decision [21 CONN. L. RPTR. 630]. By way of the present motions, the plaintiffs now claim that they are entitled to an award of attorneys' fees and costs on the ground that the board's decision was not supported by "any substantial justification." General Statutes § 4-184a(b).[1]
"The decision to award attorney's fees for unjustified agency action is within the discretion of the trial court. . . Thus, § 4-184a(b) provides that the `court may, in its discretion,'
award reasonable fees to the prevailing party if the court determines that the action of the agency was undertaken `without any substantial justification.'" (Citations omitted; emphasis in original.) Burinskas v. Department of Social Services,240 Conn. 141, 154 (1997). CT Page 10088
"[S]ubstantial justification as it is used in § 4-184a(b) connotes reasonableness or a reasonable basis in law or fact."Burinskas v. Department of Social Services, supra, 240 Conn. 156; see also Assn. of Not-for-Profit Providers for the Aging v. Dept.of Social Services, 244 Conn. 378, 401 (1998). Accordingly, the phrase "without substantial justification" is construed "to mean entirely unreasonable or without any reasonable basis in law or fact." Burinskas v. Department of Social Services, supra; see also Assn. of Not-for-Profit Providers for the Aging v. Dept. ofSocial Services, supra. "[T]his demanding standard furthers the legislature's intent by striking a balance between compensating aggrieved litigants for unjustified agency action, and ensuring that not all agency actions that are subject to judicial reversal for legal error result in an award of attorney's fees."Burinskas v. Department of Social Services, supra.
In the present case, although this court concluded that the Board's decision violated the plaintiffs' statutory rights, it does not necessarily follow that its action was "entirely unreasonable or without any reasonable basis in law or fact."Assn. of Not-for-Profit Providers for the Aging v. Dept. ofSocial Services, supra, 244 Conn. 401. "Several superior court decisions on the question of awarding fees and costs under 4-184a
have focused on the existence of statutes, regulations, previous court decisions, and/or agency rulings which should have guided the agency to the correct determination." Daly v. Delponte, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 372704 (November 29, 1993) (Maloney, J.). In this case, however, the court noted that the plaintiffs' statutory claims presented pure questions of law not previously subject to judicial scrutiny. Accordingly, this was not the situation where the agency ignored a previously well defined standard.
This court finds that the agency's interpretation of the legislation and regulations was not entirely unreasonable. Consequently, the plaintiffs' motion for attorneys' fees and costs is denied.
Robert F. McWeeny, J.