[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO DISMISS BY CITY (#103) AND TOWN CLERK (#105)
In this appeal from an approval of a variance application, the Zoning Board of Appeals and the town clerk seek to dismiss plaintiff's appeal. The grounds alleged center upon whether subject matter jurisdiction exists, given the manner in which service was accomplished (as to C.G.S. § 8-8(e)) and whether any such alleged deficiencies deprive the court of personal jurisdiction over the defendant town clerk. The court denies each motion to dismiss. CT Page 134
On August 15, 2000. the defendant, the Shelton Board of Zoning Appeals (ZBA), approved an application for a variance in a setback from the rear property line and from the left side yard and for maximum lot coverage, from 25 percent to 27 percent, so that a roof might be erected over an existing concrete block enclosure. On August 21, 2000, the ZBA published notice of its approval of the application in a local newspaper. The plaintiff, Huntington Plaza Associates, LLC (Huntington), who owns property which either abuts or is located within a radius of one hundred feet of the subject property, appeals the ZBA's decision.
Huntington brought its appeal against the following defendants: the ZBA; Leggette, Brashears Graham, Inc.; Cumberland Farms, Inc.; Beverly . Brown, Shelton's town clerk; and Mary Brophy Cook, the record owner of the property. In its citation, Huntington directed the sheriff to make service upon the ZBA "by leaving with, or at the ususal place of abode of, Gerald Glover . . . chairman of the Shelton Board of Zoning Appeals, or Edward Toohey, secretary of the Shelton Board of Zoning Appeals. . . [and upon] Beverly M. Brown, Shelton Town Clerk, 54 Hill Street, Shelton, Connecticut. . ." an attested copy of the complaint, appeal, bond and summons. The sheriff's return recites that on August 30, 2000 he made in hand service to town clerk Beverly M. Brown at Shelton City Hall and made abode service upon Edward Toohey, ZBA secretary. The ZBA chairman was not served, although the other named defendants were properly cited and served.
On September 8, 2000, corporation counsel for the city of Shelton filed an appearance on behalf of the ZBA and the town clerk. On September 26, 2000, the ZBA filed a motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction due to insufficient service of process. On that same date, the town clerk filed a motion to dismiss on the ground that the court lacks jurisdiction over her person. Each motion was accompanied by a supporting memorandum of law although no affidavit or other evidence was submitted.
On October 10, 2000, Huntington filed objections to both motions, arguing that the motions should be denied because the ZBA was served in accordance with General Statutes § 8-8 (e), and the town clerk was properly named in the citation and served with the appeal pursuant to § 8-8 (e).
 I. Motion to Dismiss # 103
Failure to name and serve both the zoning board and the municipal clerk, as required by § 8-8 (e), implicates the court's subject matter jurisdiction, which renders an appeal subject to dismissal.Colburn v. Zoning Commission, 13 Conn. App. 165, 534 A.2d 915 (1988). CT Page 135 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . [and] shall always be filed . . . where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." (Internal quotation marks omitted.) Borden v. Planning Zoning Commission, 58 Conn. App. 399,405, 755 A.2d 224 (2000). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Internal quotation marks omitted.) Andrew Ansaldi Co. v. Planning Zoning Commission, 207 Conn. 67, 73, 540 A.2d 59 (1988)
"[E]very presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Banks v. Thomas, 241 Conn. 569, 586,698 A.2d 268 (1997). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999) Whenever a defendant seeks to launch a jurisdictional attack on a zoning appeal, it must point to some factual basis in the record to support its claim; absent such facts, there is no basis upon which the court can determine the validity of the attack. Cardoza v. ZoningCommission, 211 Conn. 78, 83-84, 557 A.2d 545 (1989)
The ZBA argues that this appeal should be dismissed because Huntington failed to serve either the chairman or clerk of the zoning board as required by General Statutes § 8-8 (e), which deprives the court of subject matter jurisdiction over the appeal. Huntington concedes that neither the chairman nor the clerk of the board was served. It contends, however, that the ZBA's motion should be denied because the legislative purpose behind § 8-8 (e) is to provide a zoning board with notice of an appeal. Huntington asserts that because abode service was made upon Toohey, the board secretary, the ZBA received notice and, therefore, the requirements of § 8-8 (e) have been fulfilled. Huntington also argues that the court should be reluctant to dismiss appeals because it is contrary to this state's policy of hearing and deciding an appeal on its merits.
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama, Inc. v.Zoning Board of Appeals, 195 Conn. 276, 283, 487 A.2d 559 (1985). Appeals of zoning board decisions are authorized by General Statutes § 8-8
(b). Section 8-8 (e) sets out the procedures for service of process of CT Page 136 such an appeal. It provides that: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the ususal place of abode of, the chairman or clerk of the board, and . . . with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." General Statutes § 8-8
(e). "The right of a person to appeal a decision of a board . . . and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes." General Statutes § 8-8 (p).
Thus, "pursuant to General Statutes § 8-8 (e) . . . an appeal is commenced and jurisdiction is established by service of process on the . . . Zoning Board of Appeals . . . ." Barnett v. Zoning Board of Appeals, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket o. 138049 (November 15, 1994, Lewis, J.) (13 Conn.L.Rptr. 18, 20). It is the board itself that is the necessary party for purposes of an appeal, not its members. Aitken v. Zoning Board of Appeals,18 Conn. App. 195, 202, 557 A.2d 1265 (1989). Further, there are numerous zoning appeals cases which impliedly demonstrate that the judges of the Superior Court have not insisted upon a hypertechnical application of the service provisions of § 8-850 long as the necessary parties received notice of the appeal. See, e.g., Backiel v. Zoning Board of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket o. 348617 (April 5, 1999, Skolnick, J.) (where the assistant town clerk and not the town clerk was served, the appeal was timely and served on the proper party) (Emphasis added.); Mooney v. Fairfield Zoning Board ofAppeals. Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338504 (June 5, 1998, Skolnick, J.) (the defendants were properly served where the sheriff's return indicated that the assistant
town clerk and the chairman of the ZBA were served) (Emphasis added.);King v. planning and Zoning Commission, Superior Court, judicial district of Stamford-Norwalk at orwalk, Docket o. 130891 (March 14, 1994, Cocco, J.) (although service on necessary parties was not at issue, the court determined that plaintiff had complied with § 8-8 (b) where service of process was made upon the secretary of the commission within fifteen days after notice of the commission's decision was published) (Emphasis added.). CT Page 137
Additionally, a Connecticut land use treatise indicates that the terms "clerk" and "secretary" are used interchangeably by providing that, in serving the appeal, "the agency should be named in the citation, and it should also direct the sheriff to leave a true and attested copy with . . . the chairman or clerk (secretary) of the agency. . . ." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) § 25.10, p. 14. "Copies of appeals from zoning and planning agencies must be served on . . . either the chairman or secretary of the agency. . . ." R. Fuller, supra, § 28.1, p. 69.
Moreover, courts should avoid interpreting rules and statutes so strictly that the litigant is denied a determination on the merits of his case. Andover Ltd. Partnership I v. Board of Tax Review, 232 Conn. 392,400, 655 A.2d 759 (1995), citing HartfordNational Bank Trust Co. v. Tucker, 178 Conn. 472, 477-78, 423 A.2d 141
(1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319
(1980); Johnson v. Zoning Board of Appeals, 166 Conn. 102, 111, 347 A.2d 53
(1974); Greco v. Keenan, 115 Conn. 704, 705, 161 A. 100 (1932). This is especially true where, as here, the legislature "clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service." (Internal quotation marks omitted.)Aitken v. Zoning Board of Appeals, supra, 18 Conn. App. 203. General Statutes § 8-8 (p) serves to further the legislature's intent that a zoning appeal be heard on its merits rather than dismissed due to technical defects, where it expressly provides for a liberal interpretation of the right of appeal and the procedures prescribed for initiating such appeals.
The court finds that § 8-8 (e) mandates that the board must receive notice of appeals through service upon one of its officers. The ZBA does not move on the ground that it did not receive notice of the appeal; it merely contends that the proper parties were not served. Additionally, in this case, the secretary could be an agent for service of process upon a zoning board because there is evidence that the titles of clerk and secretary are used interchangeably and the ZBA has submitted no evidence to suggest that these officers serve different functions or perform different duties or that the secretary is not an agent for service of process on the board. Further, the ZBA cites to no authority to support its claim that service upon the board secretary, rather than on the chairman or clerk, constitutes a jurisdictional defect requiring dismissal of an appeal. accordingly, the court finds that Huntington's failure to serve the chairman or clerk is merely a technical defect, which does not implicate subject matter jurisdiction, because service upon the secretary has provided the ZBA with the notice contemplated by § 8-8 (e). Moreover, Huntington should not be denied a decision on CT Page 138 the merits of its appeal on the basis of a technical defect, where the ZBA has not been prejudiced in any way and where such a strict adherence to the statute would work an injustice to Huntington. Accordingly, the court does not lack subject matter jurisdiction due to insufficient service of process and therefore motion to dismiss #103 is denied.
 II. Motion to Dismiss #105
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person. . . ." Practice Book § 10-31(2) "Although the Superior Court has general subject matter jurisdiction . . . it may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Citations omitted.) Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., 227 Conn. 175, 195,629 A.2d 1116 (1993)
The town clerk argues that the court lacks personal jurisdiction over her because, pursuant to § 8-8 (e), a town clerk is not a necessary party for purposes of an appeal. She contends that § 8-8 (e) requires that she be served with a copy of the appeal so as to provide legal notice to the city; it does not require that the town clerk be named as a party defendant. Huntington objects, arguing that it named and served the town clerk merely to comply with § 8-8 (e). It claims that it is not seeking any direct relief from her and that she was only named for purposes of providing notice pursuant to § 8-8 (e).
A motion to dismiss is not the proper motion to remove parties from the pleadings based on misjoinder. Practice Book §§ 9-19 and 11-3. This is properly done, even in the context of an administrative appeal, by a motion to strike, not by a motion to dismiss. See, e.g., Cardoza v.Zoning Commission, supra, 211 Conn. 82 n. 5 (motion to strike is appropriate motion to attack plaintiffs' failure to allege fact and date of publication of board's decision in complaint)
This court may exercise jurisdiction over the town clerk because she has been properly served with process. Accordingly, motion to dismiss # 105 is denied.
The Court
By Nadeau, J. CT Page 139