[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
This is an administrative appeal, brought pursuant to General Statutes § 4-183 of the Uniform Administrative Procedures Act, General Statutes § 4-166 et seq. The plaintiffs, Ernest J. Bello and Elizabeth Bello Franchina appeal from a decision of the defendant, the Connecticut Department of Economic and Community Development (DECD). The other named defendants include James F. Abromaitis, in his capacity as the Commissioner of the DECD (Commissioner), the City of Stamford Department of Health and Social Services (Stamford DHSS) and the City of Stamford Department of Health and Social Services Division of Social Services (Stamford DSS). The motion presently before this court is a motion to strike the plaintiffs' appeal, filed by the DECD and the Commissioner (collectively, the state defendants).
The plaintiffs allege the following basic facts. The plaintiffs are the owners and landlords of a multi-family residential building (the premises) in Stamford. On January 21, 1999 and May 24, 1999, respectively, the Stamford DHSS issued orders condemning all dwelling units at the premises as unfit for human habitation. The condemnation orders were issued as a result of damage to the premises caused by two fires that had occurred in January and May of 1999. As a result of the condemnation orders, the Stamford DSS provided certain relocation assistance payments to numerous tenants of the premises and also made a demand upon the plaintiffs for reimbursement of a total amount in excess of $23,000, pursuant to the Uniform Relocation Assistance Act (UIRAA), General Statutes § 8-266 et seq. In February of 2000, the Stamford DHSS and/or the Stamford DSS filed a series of liens against the premises and claimed a right of reimbursement from the plaintiffs for all relocation assistance payments made to the tenants of the premises. In March of 2000, the plaintiffs filed an appeal with the DECD, challenging the actions of the Stamford DHSS and/or the Stamford DSS in seeking to impose upon the plaintiffs all expenses paid in connection with the relocation of tenants of the premises. In October of 2000, a hearing officer filed a proposed decision on the plaintiffs' appeal to the DECD, and thereafter, the Commissioner notified the plaintiffs that they had a right, pursuant to General Statutes § 4-179, to submit exceptions to the proposed decision. In November of 2000, the plaintiffs filed with the DECD their exceptions to the proposed decision and a brief in support of the exceptions. By final decision dated December 27, 2000, the Commissioner, on behalf of the DECD, dismissed the plaintiffs' appeal for lack of subject matter jurisdiction; the Commissioner applied Public Act (P.A.) No. 99-200 retroactively to the URAA,[1] and found that the URAA gave a "tenant alone [the] standing to appeal a denial of eligibility for relocation payments." (Appeal, ¶ 9, p. 3.)
The plaintiffs allege that they are aggrieved by the final decision of CT Page 17370 the DECD. Furthermore. the plaintiffs allege, inter alia,[2] that the final decision of the DECD violates state and federal constitutional principles, including the rights to due process and equal protection of the law, violates state statutes, is clearly erroneous, unsupported by the record, arbitrary, capricious and characterized by an abuse of discretion. In their prayer for relief, the plaintiffs request, inter alia,[3] the costs and expenses of this appeal, including reasonable attorneys fees, under General Statutes § 4-184a. (Appeal, ¶ 4, p. 6.)
The state defendants move to strike the plaintiffs' appeal on the grounds that: (1) the plaintiffs have not alleged that the protections afforded them under the Connecticut constitution are inadequate to protect their civil rights to due process and equal protection of the law, and where the Connecticut constitution affords adequate protection of these rights, comity precludes the pursuit of mirror image claims under the United States constitution; and (2) the plaintiffs' prayer for relief pursuant to General Statutes § 4-184a is legally insufficient, as the plaintiffs have not alleged facts to support a finding that the Commissioner's decision was entirely unreasonable. The state defendants have filed memoranda of law in support of their motion, and the plaintiffs have filed a memorandum of law in opposition thereto.
In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. Feldspar Corp., 203 Conn. 34,44, 522 A.2d 1235 (1987). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997); see also Practice Book § 10-39. The proper way to cure any confusion regarding a pleading is to file a request to revise, not a motion to strike the pleading. Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073
(1988); accord Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd. on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); Practice Book § 10-35.
"In ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading]." Id. "It is fundamental that in determining the sufficiency of a [pleading] challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). The court "[m]ust construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "Thus, [i]f facts provable in the [pleading] would support a cause of action, the motion to CT Page 17371 strike must be denied." (Brackets in original.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998). In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a)(2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v.Ment, supra, 244 Conn. 325.
A motion to strike in an administrative appeal is "a creature not normally spotted in Connecticut's jurisprudential forests." EcoIndustries, Inc. v. Executive Monarch Hotel, Inc., 4 Conn. App. 659,662, 496 A.2d 233 (1985). Nonetheless, a motion to strike may be properly brought in an administrative appeal; see Cardoza v. Zoning Commission,211 Conn. 78, 82 n. 5, 557 A.2d 545 (1989); Huntington Plaza Associationv. City of Shelton, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 071769 (January 5, 2001, Nadeau, J.) (28 Conn. L. Rptr. 574); and is the proper motion to question the legal sufficiency of the pleadings in such an appeal. Paupack Developmentv. Conservation Commission, Superior Court, judicial district of Danbury, Docket No. 30 84 48 (May 13, 1992, Fuller, J.).
Preliminarily, this court will address the plaintiffs' argument that the state defendants' motion to strike is procedurally defective and must be denied. Specifically, the plaintiffs contend that the state defendants' motion does not separately set forth each claim of legal insufficiency and that it does not distinctly specify the reason or reasons for each claimed insufficiency, as required by Practice Book § 10-41. This court notes that in Bouchard v. People's Bank,219 Conn. 465, 594 A.2d 1 (1991), the Supreme Court of Connecticut stated that "[b]ecause the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiffs [pleading] in its motion, the motion was "fatally defective' under Practice Book [§ 10-41] notwithstanding the defendant's inclusion of such reasons in its supporting memorandum." Id., 468 n. 4. In Bouchard, "[t]he defendant's motion to strike simply stated that the plaintiff had `failed to state a claim upon which relief can be granted.'" Id. In this case, however, this court finds that the state defendants' motion does specify the reasons for each claimed insufficiency of the plaintiffs' appeal and therefore, the motion to strike cannot be denied for this reason.
In moving to strike the plaintiffs' appeal, the state defendants first argue that the plaintiffs have improperly alleged deprivations of their rights to due process and equal protection of the law, under both the United States constitution and the Connecticut constitution. The state defendants contend that since the plaintiffs do not allege that the Connecticut constitution is inadequate to protect these rights, the plaintiffs' claims under the United States constitution must fail. In CT Page 17372 support of this contention, the defendants primarily rely on the case ofStrasburger v. Board of Education, 143 F.3d 351, 358 (7th Cir. 1998), cert. denied, 525 U.S. 1069, 119 S.Ct. 800, 142 L.Ed.2d 661 (1999). The state defendants conclude, therefore, that the plaintiffs' appeal should be stricken. In response, the plaintiffs maintain that they have set forth valid causes of action under both the United States constitution and the Connecticut constitution. The plaintiffs argue that they may properly plead such causes of action simultaneously orin the alternative, and that in Connecticut, such causes of action are routinely asserted simultaneously. In support of this argument, the plaintiffs rely on the case of Roundhouse Construction Corp. v. Telesco Masons Supplies Co.,170 Conn. 155, 365 A.2d 393 (1976), cert. denied, 429 U.S. 889,97 S.Ct. 246,50 L.Ed.2d 172, among others. Furthermore, the plaintiffs argue that the state defendants' reliance on Strasburger, supra, is misplaced. The plaintiffs conclude, therefore, that the state defendants' motion should be denied.
On the subject of comity and purported violations of state and federal constitutional provisions, the Supreme Court of Connecticut, in Gnuttiv. Heinz, 206 Conn. 628, 539 A.2d 118 (1988), stated: "The United States Supreme Court in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496,61 S.Ct. 643, 85 L.Ed. 971 (1941), held that federal courts should abstain from deciding a federal constitutional question until a state court has resolved questions of state law where the state determination might render the federal question moot. Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy. . . . The rule of exhaustion . . . is rooted in considerations of federal-state comity." (Citation omitted; internal quotation marks omitted.) Gnutti v. Heinz, supra, 206 Conn. 634-35. Thus, in Strasburger v. Board of Education, supra, 143 F.3d 351, the court of appeals for the seventh circuit stated that "[s]tate law remedies in theory can satisfy due process as well as federal ones, so we require plaintiffs seeking federal remedies to show the state's remedies lacking." Id., 358. The Strasburger court explained that the state should have the first chance to assess the infirmities of its own laws. Id. Consequently, the Strasburger court affirmed the district court's granting of summary judgment on the plaintiff-appellant's federal due process claim in favor of the defendant, finding that the plaintiff-appellant failed to allege or demonstrate the madequacy of state remedies and therefore, failed to assert a due process violation that necessitated a federal remedy. Id.
Connecticut courts, however, routinely permit parties to bring simultaneous claims alleging violations of both federal and state constitutional provisions. See e.g., Bowman v. 1477 Central Apartments,Inc., 203 Conn. 246, 249-52, 524 A.2d 610 (1987) (court addressed claimed CT Page 17373 violations of due process and equal protection clauses of federal and state constitutions); Figarsky v. Historic District Commission,171 Conn. 198, 206-08, 368 A.2d 163 (1976) (court assessed constitutionality of an ordinance under federal and state constitutions); Roundhouse Construction Corporation v. Telesco MasonsSupplies Co., supra, 170 Conn. 156-59 (declaring mechanic's lien statute unconstitutional as violative of due process clauses of constitutions of United States and Connecticut); Dutch Point Credit Union v. Caron AutoWorks, 36 Conn. App. 123, 129-30, 648 A.2d 882 (1994) (involving claimed violations of due process clauses of federal and state constitutions); see generally Danko v. Redway Enterprises, 254 Conn. 369, 381,757 A.2d 1064 (2000) ("[a] plaintiff may . . . raise alternative and inconsistent claims in the same case."); Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985) ("[u]nder our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint.")
In light of the above, this court finds that the motion to strike cannot be granted on the ground that comity precludes the pursuit of mirror image claims under the constitutions of Connecticut and the United States, in the absence of allegations that Connecticut's constitutional provisions are inadequate. Accordingly, the state defendants' motion is denied on this ground.
Next, the state defendants argue that the plaintiffs have failed to allege facts necessary to set forth a claim for relief under General Statutes § 4-184a. The state defendants contend that the plaintiffs have not alleged facts that would support a finding that the state defendants' actions were entirely unreasonable. The state defendants argue that in order to properly set forth a claim under § 4-184a, the plaintiffs must allege facts demonstrating that the Commissioner's actions were not simply wrong but entirely unreasonable or taken without any reasonable basis in law or fact. In support of this argument, the state defendants rely on the case of Nagy v. Employee Review Board, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339951 (September 17, 1998, MeWeeny, J.) (23 Conn. L. Rptr. 147), aff'd.,249 Conn. 693, 735 A.2d 297 (1999). The state defendants conclude, therefore, that the plaintiffs' appeal should be stricken. In response. the plaintiffs argue that their prayer for relief under General Statutes § 4-184a is supported by the allegations set forth in their appeal and furthermore, that the state defendants misconstrue the Nagy
decision. Consequently, the plaintiffs conclude the motion to strike must be denied.
General Statutes § 4-184a provides for an award of reasonable fees CT Page 17374 and expenses to certain prevailing parties in appeals of agency decisions.[4] "Section 4-184a(b) authorizes a court to grant attorney's fees if it determines that the action of the agency was undertaken without any substantial justification." Nagy v. Employee's Review Board,249 Conn. 693, 708, 735 A.2d 297 (1999). "[S]ubstantial justification . . . connotes reasonableness or a reasonable basis in law or fact." Id., 709. Therefore, § 4-184a(b) requires an action that is entirely unreasonable or without any reasonable basis in law or fact. Id. Importantly, "[t]he decision to award attorney's fees for unjustified agency actions is within the discretion of the trial court. . . . Thus, § 4-184a(b) provides that the `court may, in its discretion,' award reasonable fees to the prevailing party if the court determines that the agency acted "without any substantial justification.'" (Citations omitted; emphasis added.) Id., 708.
In Nagy, the trial court, Mc Weeny, J., was faced with motions filed by plaintiffs for attorney fees and costs pursuant to General Statutes §4-184a(b), incurred in connection with their successful appeal from the final decision of the defendant employee review board. Nagy v. EmployeeReview Board, supra, 23 Conn. L. Rptr. 147. The trial court explained that "although this court concluded that the [b]oard's decision violated the plaintiffs' statutory rights, it does not necessarily follow that its action was "entirely unreasonable or without any reasonable basis in law or fact."' Id. Furthermore, the trial court "noted that the plaintiffs' statutory claims presented pure questions of law not previously subject to judicial scrutiny," and that it was "not the situation where the agency ignored a previously well defined standard." Id. Therefore, the trial court in Nagy, in its discretion, denied the motion for fees and costs pursuant to General Statutes § 4-184a, finding that the defendant board's interpretation of the legislation was not entirely unreasonable. Id. The Supreme Court of Connecticut affirmed the trial court's decision in Nagy, finding that "the trial court did not abuse its broad discretion in determining that the defendants' actions . . . were not "entirely unreasonable or without any reasonable basis in law or fact."' Nagy v. Employee's Review Board, supra, 249 Conn. 709.
This court notes that the Nagy case, unlike this case, did not involve a motion to strike a prayer for relief under General Statutes § 4-184a. Rather, the Nagy decision was a ruling on a posttrial motion filed by a prevailing party, for fees and costs under the statute. Furthermore, this court notes that when ruling on a motion to strike, the trial court's role is to construe the challenged pleading in the light most favorable to sustaining its legal sufficiency, and to strike a prayer for relief only if the relief sought could not be legally awarded. In this case, the plaintiffs have alleged, in paragraph eleven of their appeal, that the final decision of the DECD "violates state and federal constitutional CT Page 17375 principles, violates state statutes, is affected by errors, is clearly erroneous and unsupported in view of the reliable, probative and substantial evidence on the whole record and/or is arbitrary, capricious and/or characterized by an abuse of discretion. . . ." (Appeal, ¶ 11, p. 4.) These allegations are supported by the factual allegations set forth in subparagraphs 11 a through 11j, of the appeal.[5] This court finds that the factual allegations set forth in the plaintiffs' appeal, particularly those allegations contained in paragraph eleven and its subparagraphs 11a through 11j, are sufficient to support a potential award under General Statutes § 4-184a. Specifically, this court finds that if the plaintiffs prevail in their appeal, "the `court may, in its discretion,' award reasonable fees to the [plaintiffs] if the court determines that the [state defendants] acted `without any substantial justification.'" (Emphasis added.) Nagy v. Employee's Review Board, supra, 249 Conn. 708, quoting General Statutes § 4-184a(b). Accordingly, the state defendants' motion to strike must be denied.
In summary, for the foregoing reasons, the state defendants' motion to strike the plaintiffs' appeal is hereby denied.
KARAZIN, J.